UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| PATRICIA WICKES, |
| Plaintiff, |
| -against- |
| WESTFAIR ELECTRIC CO.; BASIL HOLIBUS; JEFFREY DeLEO; TOM GRIESIS; GEORGE GUERRERA, |
| Defendants. |

19-CV-10673 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her race, sex, and age. She also asserts a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. By order dated December 11, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Westfair Electric Company, Basil Holibus, Jeffrey DeLeo, Tom Griesis, and George Guerrera through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Westfair Electric Company, Basil Holibus, Jeffrey DeLeo, Tom Griesis, and George Guerrera and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: Dec. 17, 2019
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Westfair Electric Company
   200 Brady Avenue
   Hawthorne, NY 10532

2. Basil Holibus
   c/o Westfair Electric Company
   200 Brady Avenue
   Hawthorne, NY 10532

3. Jeffrey DeLeo
   c/o Westfair Electric Company
   200 Brady Avenue
   Hawthorne, NY 10532

4. Tom Griesis
   c/o Westfair Electric Company
   200 Brady Avenue
   Hawthorne, NY 10532

5. George Guerrera
   c/o Westfair Electric Company
   200 Brady Avenue
   Hawthorne, NY 10532